## Schmauch *v.* McGinty; Frank A. Behler and Deborah Behler, Assignees, Appellants.

*Judgment—Satisfaction of Judgment—Act of March 14, 1876, P. L. 7.*

1. An assignment of a judgment on record is not constructive notice thereof to the debtor and payment by him to the obligee before notice of the assignment is good.

2. Where debtors have no notice of an assignment of a judgment and make payment to the original creditor the court does not err in directing satisfaction under the authority of the Act of March 11, 1876, P. L. 7, in spite of the existence of an alleged assignment of judgment.

Argued Dec. 3, 1917.   Appeal, No. 95, Oct. T., 1917, by Frank A. Behler and Deborah Behler, assignees of judg-

ment of Kate Schmauch v. Patrick McGinty and Anna McGinty, his wife, from order of C. P. Schuylkill Co., March T., 1912, No. 65, entering satisfaction on judgment. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to show cause why judgment should not be satisfied. Before BRUMM, J.

The facts appear in the opinion of the Superior Court.

*Error assigned* was in directing the judgment to be marked satisfied.

*John F. Whalen,* and with him *George Ellis,* for appellants.—The court was not warranted in directing that satisfaction be entered upon the judgment: Atkinson v. Harrison, 153 Pa. 472.

The act of the defendants admitted the perpetrating of any fraud and they must, in consequence, be the innocent persons who suffer therefrom: Garrard v. Haddan, 67 Pa. 82; Jeffers v. Gill, 91 Pa. 290, 11 Lanc. L. R. 135; Wetherill's App., 3 Grant 281; Mundorff v. Wickersham, 63 Pa. 87; DeTurck v. Matz, 180 Pa. 347; Boyd's App., 3 Walker 321; Dowd v. Crow, 205 Pa. 214.

*J. F. Mahoney,* and with him *James B. Reilly,* for appellees.—The recording of an assignment is not notice to the defendant in a judgment, and even if the assignment was not a forgery the appellants have no right to prevent the entry of satisfaction: Henry v. Brothers, 48 Pa. 70.

The payments to the attorney for plaintiff were payments to her: Himes v. Herr, 3 Pa. Superior Ct. 124; Miller v. Preston, 154 Pa. 63.

An attorney-at-law has no authority to sell or assign his client's judgment: Kirk's App., 87 Pa. 243; Campbell's App., 29 Pa. 401.

OPINION BY PORTER, J., February 28, 1919:

The order directing the satisfaction of the judgment, complained of in this appeal, was made under the authority of the Act of March 14, 1876, P. L. 7. The judgment was entered January 9, 1912, on a judgment note dated January 2d of the same year, payable one year after date. John J. Kelley, a member of the bar of Schuylkill County, appeared of record as attorney for the plaintiff. On January 15, 1913, there was filed of record a paper purporting to be an assignment of the judgment by Kate Schmauch to Frank A. Behler and Deborah Behler, the appellants. On March 15, 1915, the defendants presented a petition to the court below averring that the judgment, debt, interest and costs, had been paid in full, on August 25, 1913, that it had not been satisfied of record, and praying the court to decree that the same be so satisfied. The court granted a rule upon Kate Schmauch, the plaintiff, and Frank A. Behler and Deborah Behler, the assignees of the judgment, to show cause why the judgment should not be satisfied of record; depositions were taken and the court below after a full hearing made the rule absolute and entered a decree that the judgment be satisfied. The assignees of the judgment appeal and now assign for error the entry of said decree.

There may be some doubt as to whether the paper assigning the judgment to the Behlers was a genuine instrument or a forgery, but the determination of that question cannot affect the rights of the defendants in the judgment, under the other clearly established facts. The defendants in the judgment had no notice that the judgment or the debt which it represented had been assigned to the Behlers or any other person. They had no reason to suspect that their creditor was any person other than Mrs. Schmauch and payment to her was good as against any assignee of whose claim they had no notice: Henry v. Brothers, 48 Pa. 70. The court below found that the defendants had paid the judgment, debt, interest and costs, to Kate Schmauch, and the evidence clearly war-

ranted that finding. The uncontradicted evidence established that the McGintys had paid the full amount of the debt, interest and costs to John J. Kelley, who appeared of record as attorney for the plaintiff, that Kelley reported the fact to Kate Schmauch, who was the only person that the McGintys had any reason to believe was their creditor; that Mrs. Schmauch ratified his act in receiving the money and gave him $500 to be added to the sum which he had received from the McGintys for the purpose of making a new loan to one Henry W. Arner and that Kelley did in fact loan to Arner the sum of $2,000 and took from the latter an obligation upon which judgment was entered in favor of Mrs. Schmauch against Arner for that sum.

If Mrs. Schmauch had assigned the claim to the Behlers they may have a claim against her, but the McGintys having paid the judgment were entitled to have it satisfied.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellants.